# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 11 C 2505 | DATE | 10/16/2012 |
| CASE TITLE | State Farm Fire and Casualty Co. vs. Zoeller Pump Company, LLC et al. | | |

### DOCKET ENTRY TEXT

Defendants' Motion to Stay [46] is granted.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

Before the Court is Defendants Zoeller Pump Company, LLC and Zoeller Pump Co.'s (collectively, "Zoeller") Motion to Stay pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, *et seq*. For the following reasons, the motion is granted.

"The Federal Arbitration Act reflects an 'emphatic federal policy in favor of arbitral dispute resolution.'" KPMG LLP v. Cocchi, 132 S.Ct. 23, 25 (2011) (quoting Mitsubishi Motors Corp. v. Soler Chrysler–Plymouth, Inc., 473 U.S. 614, 631 (1985)); see also Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24-25 (1983) ("[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration."). The FAA provides that actions in federal district courts which are "referable to arbitration under an agreement in writing for such an arbitration" shall be stayed "on application of one of the parties." 9 U.S.C. § 3.

It is undisputed that Plaintiff State Farm Fire and Casualty Co. ("State Farm") is a party to the Arbitration Forums, Inc., Property Subrogation Arbitration Agreement ("arbitration agreement"). State Farm opposes Zoeller's motion to stay pending arbitration for several reasons, arguing: (1) that its damages exceed the monetary scope of the arbitration agreement, (2) that Zoeller has failed to satisfy a condition precedent for arbitration, (3) that Zoeller cannot enforce the arbitration agreement because it is neither a party to nor a third party beneficiary thereof, and (4) that proceeding in federal court with one claim made up of sixty-three aggregated subrogation claims is more efficient than subjecting each claim to individual arbitration.

First, State Farm argues that it is not subject to the arbitration agreement because its aggregated claim before the Court exceeds $600,000, well over the maximum threshold of $100,000 for which the arbitration agreement applies. The issue is whether the arbitration agreement allows State Farm to aggregate its claims in order for damages to exceed $100,000, when each individual claim would be less than $100,000 and therefore subject to the agreement. Citing to the Rules and Regulations of the Arbitration Forum, Zoeller argues that the arbitration agreement mandates that "each claim arising out of the same accident is to be considered a separate claim." Def.'s Reply 6. It is true that substantive issues involving questions of arbitrability are for a court to decide. See Howsam v. Dean Witter Reynolds, Inc., 537 U.S. 79, 83 (2002). However, in this case there is no question that the individual claims would be subject to arbitration. Whether the claims can be aggregated under the arbitration agreement is a procedural question best left to the province of the arbitrators. Indeed, "[w]hen resolving arbitrability disputes . . . [d]oubts should be resolved in favor of coverage." Int'l Brotherhood of Elec. Workers, Local 21 v. Ill. Bell Tel. Co., 491 F.3d 685, 687-88 (7th Cir. 2007) (internal quotation marks

# STATEMENT

and citations omitted). Therefore, the Court reserves this argument for the arbitrators.

Second, State Farm argues that Zoeller cannot seek a stay or compel arbitration because it has failed to engage in settlement negotiations with State Farm, which is a condition precedent to enforcing the arbitration agreement. This argument also fails. While attempting settlement negotiations is a condition precedent to filing for arbitration, it has no bearing on whether the parties are subject to the agreement. See Def.'s Reply Ex. A at 22 ("[The Arbitration Forum] wants the parties to attempt to resolve their particular dispute(s) prior to filing arbitration. If the parties cannot resolve their dispute, [the Arbitration Forums's] minimum requirement is for the filing company to obtain the correct and current representative's name and address, insured's name, and claim file number for all adverse parties." (emphasis added)).

Third, State Farm argues that Zoeller is neither a party nor a third party beneficiary to the arbitration agreement and therefore has no standing to enforce its provisions. While Zoeller is not a party to the arbitration agreement, its insurer, CNA, is a party. Zoeller alleges that State Farm chose to file suit against it instead of CNA specifically to avoid the arbitration agreement. It is well settled that "[s]uch a maneuver should not be allowed to succeed . . . by the principles of parallel-proceeding abstention, which . . . would require the court to stay the proceedings before it and let the arbitration go forward unimpeded. IDS Life Ins. Co. v. SunAmerica, Inc., 103 F.3d 524, 529 (7th Cir. 1996). Accordingly, State Farm's argument regarding standing fails.

Finally, State Farm argues that it will be more efficient to proceed with one aggregated claim in federal court as opposed to sixty-three separate arbitrations. Zoeller, however, expresses doubt that a single trial would be more efficient, and instead argues that it would inevitably result in "63 mini-trials under one caption if this matter is not stayed." Def.'s Reply 11. Indeed, the instant matter involves "63 different claimants, 63 different installations, 63 different locations, and 63 different alleged failures" and therefore a single trial is unlikely to be any more efficient than separate arbitrations. Id. In a nearly identical case filed by State Farm against another sump pump manufacturer, the court granted the defendant's motion to compel arbitration stating, "It is all well and good that State Farm wants to litigate all the claims in one federal court proceeding, but there is no doubt that each individual claim is subject to mandatory arbitration, and that is what [defendant] is demanding." State Farm Fire & Cas. Co. v. Pentair, Inc., No. 11-CV-6077, 2012 WL 3904104, at *3 (N.D. Ill. Sept. 7, 2012). Moreover, "[t]here is no 'risk of forcing parties to arbitrate a matter that they may well not have agreed to arbitrate,' because, as discussed above, the type of dispute is indisputably covered by the Arbitration Agreement." Id. at *4 (quoting Howsam, 537 U.S. at 83-84). Accordingly, the Court rejects State Farm's argument.

For the foregoing reasons, the motion to stay is granted.
IT IS SO ORDERED.